UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
CIVIL ACTION NO. 14-98-DLB-JGW

JAMES CONN                                                    PETITIONER

V.

AARON SMITH, WARDEN                                           RESPONDENT

REPORT AND RECOMMENDATION

On June 24, 2014 petitioner James Kent Conn placed into the prison mail system a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1, p. 13.[1] The §2254 petition was received and filed by the Clerk of Court on June 30, 2014. Doc. 1. Consistent with local practice, the matter has been referred to the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. §636(b).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Preliminary review by this Court mandates dismissal of the petition without requiring a response to be filed because the petition is barred by the one-year limitations period found in 28 U.S.C. §2244.

Petitioner was convicted of murder and sentenced to forty-five years' imprisonment in the Rowan County, Kentucky Circuit Court in August 2008. *See Conn*

---

[1] Petitioner signed the petition on June 18, 2014. *Id.* "Under the prison mailbox rule, a *habeas* petition is considered filed when the petitioner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 456 (6th Cir. 2012). The Court therefore will deem the petition to have been filed on June 24, 2014.

*v. Commonwealth*, 2013 WL 45149, at *1 (Ky.App. Jan. 4, 2013). The Kentucky Supreme Court affirmed petitioner's conviction and sentence on April 22, 2010. *See Conn v. Commonwealth*, 2010 WL 1641113 (Ky. April 22, 2010).

28 U.S.C. §2244(d)(1) provides that there is a one-year limitations period for a state court prisoner to seek federal habeas relief. For purposes of this §2254 motion, that one-year clock began ticking on "the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review . . . ." 28 U.S.C. §2244(d)(1)(A). Direct review is concluded "upon the denial of certiorari in the United States Supreme Court or 90 days after a final judgment of a highest state court, when the period for seeking a writ of certiorari in the United States Supreme Court elapses." *Johnson v. Rapelje*, 542 Fed.Appx. 453, 454 (6th Cir. 2013). Petitioner's one-year clock thus began to tick on July 22, 2010 (ninety days after the issuance of the Kentucky Supreme Court's opinion on petitioner's direct appeal).

No substantive action was taken in the case until petitioner sought state post-conviction relief on December 17, 2010.[2] Therefore, 149 days of petitioner's one-year period (i.e., 365 days) had expired by the time he sought state post-conviction relief. The filing of that motion for state post-conviction relief tolled the one-year limitations period. *See* 28 U.S.C. §2244(d)(2)(" The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[2] Petitioner asserts he filed his state RCr 11.42 motion for post-conviction relief on December 17, 2010 (doc. 1, p. 3); the Kentucky Court of Appeals' opinion affirming the trial court's denial of post-conviction relief provides that petitioner filed motion for post-conviction relief in June 2011. *Conn*, 2013 WL 45149, at *1. The scant record before the Court does not contain a copy of the state court motion. However, the Court need not resolve the timing discrepancy because petitioner's §2254 motion was not timely filed even if the Court leniently assumes (solely for the sake of argument) that petitioner sought state post-conviction relief in December 2010.

or claim is pending shall not be counted toward any period of limitation under this subsection.").

The trial court denied petitioner's RCr 11.42 motion in July 2011. Doc. 1-3. The Kentucky Court of Appeals affirmed that denial in January 2013. *Conn*, 2013 WL 45149. The Kentucky Supreme Court denied petitioner's motion for discretionary review on September 18, 2013. Doc. 1-4. The one-year clock therefore began to tick again on September 19, 2013.[3] *See* Fed.R.Civ.P. 6(a) ("The following rules apply in computing any time period specified in these rules . . . or in any statute that does not specify a method of computing time. . . . When the period is stated in days or a longer unit of time . . . exclude the day of the even that triggers the period . . . .").

Applying the prison mailbox rule, petitioner filed his pending §2254 motion on June 24, 2014, 278 days after his state post-conviction motion was no longer pending. Petitioner had already used 149 days of his one-year period before he sought post-conviction relief. Therefore, petitioner's §2254 motion was filed 422 days after his conviction became final. Petitioner's pending §2254 motion accordingly was clearly not timely filed.[4]

Because the "one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

---

[3] "[A] petition for writ of certiorari from the denial of a state court post-conviction proceeding has no effect whatsoever on the federal statute of limitations. While a 90–day grace period for seeking additional relief from the United States Supreme Court does apply to determine the 'finality' of a state court conviction on direct appeal, no similar grace period is added to determine the end-date of state post-conviction proceedings." *Hobbs v. Warden, Lebanon Correctional Institute* 2010 WL 5677052, at *2 (S.D.Ohio Nov. 5, 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

[4] District courts are permitted to consider sua sponte the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See, e.g., Day v. McDonough*, 547 U.S. 198, 209-210 (2006). This report and recommendation provides the requisite notice.

3

Equitable tolling is "used sparingly by federal courts" and applies if "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation marks and citation omitted). Accordingly, "[a] habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing." *Id.*

Petitioner has not argued that equitable tolling should apply and the record before the Court does not compel a conclusion that petitioner diligently pursued his rights. In addition, the record does not show how any extraordinary circumstance prevented petitioner from timely filing his federal petition.

Accordingly, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **denied** and that this case be dismissed without the necessity of requiring the Respondent to file a written response. The undersigned further recommends that a courtesy copy of this Report & Recommendation be served upon the Attorney General for the Commonwealth of Kentucky.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a

judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 7th day of July, 2014.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge