**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 14-98-DLB-JGW**

**JAMES CONN**                                                          **PETITIONER**


**vs.**            **ORDER ADOPTING REPORT & RECOMMENDATION**


**AARON SMITH, WARDEN**                                        **RESPONDENT**

                          \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge, wherein he recommends that Petitioner James Conn's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) be denied as time-barred. (Doc. # 5). Petitioner timely filed objections to the Magistrate's R&R. (Doc. # 8). Respondent having filed no response, and the time for submitting such response having expired, the R&R and Petitioner's objections thereto are ripe for review. For the reasons that follow, Petitioner's objections are **overruled**, and the Magistrate's R&R is **adopted** as the opinion of the Court.

In August 2008, Conn was convicted of murder in the Rowan County, Kentucky Circuit Court and sentenced to a forty-five year term of imprisonment. *See Conn v. Commonwealth*, 2013 WL 45149, at *1 (Ky. App. Jan. 4, 2013). On April 22, 2010, the Supreme Court of Kentucky upheld Conn's conviction and sentence. *See Conn v. Commonwealth*, 2010 WL 1641113 (Ky. April 22, 2010). Thereafter, on December 17, 2010, Conn filed for state post-conviction relief pursuant to RCr 11.42. The trial court

1

denied Conn's motion in July 2011 and the Kentucky Court of Appeals affirmed that decision in January 2013. *Conn*, 213 WL 45149. Finally, the Supreme Court of Kentucky denied Conn's motion for discretionary review on September 18, 2013. The pending § 2254 petition was filed on June 24, 2014. (Doc. #1).

The limitations period for a state court prisoner to seek federal habeas relief is one year, pursuant to 28 U.S.C. § 2244(d)(1). For purposes of Conn's petition, this period began running on July 22, 2010, ninety (90) days after the issuance of the Kentucky Supreme Court's opinion on Conn's direct appeal. 28 U.S.C. § 2244(d)(1)(A); *Johnson v. Rapelje*, 542 Fed.Appx. 453, 454 (6th Cir. 2013) (holding that direct review is concluded "90 days after a final judgment of the highest state court."). However, the one-year period was thereafter tolled upon the filing of Conn's RCr 11.42 motion, which occurred on December 17, 2010, after 149 days had passed. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The tolling ceased on September 19, 2013, one day after Conn's motion for discretionary review was denied by the Kentucky Supreme Court. *See* FED. R. CIV. P. 6(a)(1)(A) ("When the period is stated in days . . . exclude the day of the event that triggers the period."); *see also Hobbs v. Warden, Lebanon Correctional Institute* 2010 WL 5677052, at *2 (S.D. Ohio Nov. 5, 2010) (noting there is no 90-day grace period with respect to state post-conviction proceedings (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007))). The clock then resumed from the point at which it left off, meaning 149 days of Conn's one-year period had already passed. The instant petition was filed 278 days later, on June 24, 2014.

(Doc. #1). Because a combined total of 427 days had passed, the Magistrate Judge concluded that Conn's petition was time-barred. (Doc. #5, at 3).

Conn objects to the Magistrate Judge's recommendation to deny his petition, emphasizing that the time for filing a motion under RCr 11.42 is three years. (Doc. #8, at 7). Specifically, Conn states:

> The Petitioner asserts that the 149 days as counted toward his one-year in to which to file relief under 28 U.S.C. § 2254 should not be counted as a motion under RCr 11.42 for post-conviction relief, since the Anti-Terrorism Death Penalty Act (AEDPA) has [no] effect on the time between the Kentucky Supreme Court's opinion denying Petitioner's Direct Appeal and the filing of post-conviction relief under RCr 11.42.

(Doc. #8, at 8). Thus, Conn's argument seems to be that because the three-year period applicable to RCr 11.42 was satisfied, the one-year period under 28 U.S.C. § 2244(d)(1) did not begin until the Kentucky Supreme Court denied review on September 19, 2013. However, the interplay of these laws is not so. As the Sixth Circuit explained in *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003), a post-conviction motion may *toll* the one-year limitations period, but it will not restart the clock. "[I]t can only serve to pause a clock that has not yet fully run." *Id.* Therefore, the 149 days that passed before Conn filed the initial RCr 11.42 motion undoubtedly count towards his one-year period of limitations.

Because a combined total of 427 days have passed following the conclusion of direct review of Conn's case, the Magistrate Judge properly found that the instant petition is time-barred under 28 U.S.C. § 2244(d)(1). (Doc. #5, at 3). Additionally, though Conn did not raise this issue, the Magistrate Judge found that the record in this case would not support an argument for equitable tolling.

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1)    Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 8) are hereby **OVERRULED**;

(2)    The Magistrate Judge's Report and Recommendation (Doc. # 5) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)    The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) is hereby **DENIED**;

(4)    The matter is hereby **DISMISSED** and **STRICKEN** from the active docket of this Court; and

(5)    The Court determines there would be no arguable merit to an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 2nd day of October, 2014.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Ashland Civil\2014\14-98 Adopting R&R Denying 2254.wpd